IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC DONALD REED, FC-9279, )<br>    Petitioner, )<br> )<br>    v.  )<br> )<br>ATTORNEY GENERAL OF )<br>PENNSYLVANIA, et al., )<br>    Respondents. ) | Civil Action No. 07-477 |

Report and Recommendation

I. Recommendation:

    It is respectfully recommended that the petition of Eric Donald Reed for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal constitutional issue.

II. Report:

    Eric Donald Reed, and inmate at the State Correctional Institution at Huntingdon has presented a petition for a writ of habeas corpus. On April 18, 2007, the respondents and the District Attorney of Allegheny County were directed to answer and show cause, if any, why the relief sought should not be granted.

    Reed is presently serving a three to six year sentence followed by a five year period of probation imposed following his plea of guilty to seven counts of recklessly endangering another person and one count of a weapons offense at Nos. CC 200215379 in the Court of Common

1

Pleas of Allegheny County, Pennsylvania. This sentence was imposed on March 10, 2003.[1]

An appeal was not pursued. However, on October 31, 2002, the petitioner filed a post-conviction petition which was subsequently amended.[2] That petition was dismissed on June 28, 2005

An appeal was taken to the Superior Court in which the sole issue was:

> Did the trial court err in denying appellant's PCRA petition without a hearing since trial counsel was ineffective for inducing appellant to plead guilty to the instant crimes since she failed to inform appellant of the inconsistent testimony of Officer Sullivan at the preliminary hearing and suppression hearing, and she failed to cross examine Officer Sullivan regarding the inconsistent testimony. Accordingly, appellant's plea was involuntary, unknowing and unintelligently entered since it was prompted by the denial of appellant's suppression motion, which may have been granted had the trial court been aware of the inconsistencies, and even if the motion had been denied appellant would have proceeded to a jury trial rather than have pled?[3]

On May 17, 2006, the denial of post-conviction relief was affirmed.[4] A petition for allowance of appeal to the Supreme Court was filed in which this same issue was presented.[5] On January 23, 2007, leave to appeal was denied.[6] The instant undated petition was filed in this Court on April 10, 2007.[7] In that petition, Reed contends he is entitled to relief on the grounds that:

---

[1] See: Petition at ¶¶ 1-6.

[2] See: Exhibits 1 and 2 to the answer of the Commonwealth.

[3] See: Exhibit 6 to the answer of the Commonwealth.

[4] See: Exhibit 7 to the answer of the Commonwealth.

[5] See: Exhibit 8 to the answer of the Commonwealth.

[6] See: Exhibit 9 to the answer of the Commonwealth.

[7] The Commonwealth concedes that the instant petition is timely filed. See: Answer at p.6.

    1. Trial counsel was ineffective for failing to raise the claims that there was no finger-prints on any gun, and no gun residue test was conducted after being requested.

    2. Trial counsel was ineffective for failing to raise a claim regarding the fact that the police never served petitioner with a search warrant.

    3. Trial counsel was ineffective to not challenge the petitioner's illegal aggregate 3-6 year sentence.

    4. The Superior Court erred in finding that trial counsel was not ineffective for failing to inform the petitioner of the inconsistent testimony of Officer Sullivan at the preliminary and suppression hearings and counsel failed to cross-examine Officer Sullivan, regarding the inconsistent testimony. Accordingly, petitioner's plea was involuntary in that it was motivated by the denial of the suppression motion.[8]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

    This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

    It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

---

[8] See: Petition at pp. 6-11

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the

"contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is readily apparent that the first three issues raised here were never presented to the appellate courts of Pennsylvania for their consideration in the first instance; no good cause is demonstrated for failing to do so, and for this reason those issues are procedurally defaulted and barred from consideration here.

The petitioner's final issue is that counsel was ineffective in that she failed to inform him of the inconsistent statements of Officer Sullivan and for this reason, his plea was not entered voluntarily. It would appear that the substance of this issue has been presented to the courts of the Commonwealth in the first instance and it is properly before this Court for consideration.

The factual background to this case is set forth in the May 17, 2006 memorandum of the Superior Court:

> At approximately 6:27 a.m. on September 17, 2002, Officers Sullivan and Evans of the City of Pittsburgh Police Department responded to a call of "shots fired" near Renfrew Street. When the officers arrived, accompanied by several other officers, the shots continued and the police took cover. It appeared that the shots were coming from the second floor of a row house and they were being fired from a variety of weapons, including a handgun, a rifle and a shotgun. After the neighboring residences were evacuated, [Appellant's] residence was approached. [Appellant] opened the front door and was arrested. A search warrant was obtained and several weapons were confiscated.[9]

In a habeas petition challenging a conviction entered based upon a guilty plea the record need only demonstrate that that plea was knowingly and intelligently entered. Meyers v. Gillis, 93 F.3d 1147 (3d Cir.1996). In reviewing a claim of ineffective assistance of counsel, we are limited to a determination of whether or not counsel's performance fell below an objective standard of reasonableness such that as result of that defective performance prejudice occurred.

---

[9] See: Exhibit 7 at p.1.

Jerymn v. Horn, 266 F.3d 257 (3d Cir.2001). In the instant case, the Superior Court wrote:

> Appellant alleges that counsel caused him to enter an unknowing and involuntary plea on the grounds that he never was informed that Police Officer Daniel Sullivan testified at Appellant's suppression hearing in a manner inconsistent with the testimony the witness provided at Appellant's preliminary hearing. Appellant also asserts that, had plea counsel properly cross-examined officer Sullivan at the suppression hearing suppression might have been granted. Failing that, Appellant would have proceeded to a jury trial rather than electing to plead guilty. The purportedly inconsistent testimony concerns the question of whether officer Sullivan did (or did not) enter Appellant's residence after Appellant's arrest but before the search warrant was obtained.[10]

The Superior Court proceeded to cite the post-conviction court's holding that:

> Even assuming that Officer Sullivan's testimony was inconsistent, it does not change the fact that [Appellant] was lawfully arrested after he opened the front door to his residence, from which the police had observed numerous gunshot blasts, and that a search of the residence, with a valid search warrant, revealed a shotgun, two handguns, a .22 rifle, several spent shotgun shells, and miscellaneous other ammunition.

With the recitation of these facts, the Superior Court concluded:

> We agree with the PCRA court that there is no likelihood that suppression would have been granted merely because Officer Sullivan provided contradictory testimony on a single point: whether he did or did not accompany the team of officers who entered Appellant's residence prior to the issuance of the search warrant for the purpose of looking for shooting victims or potential additional shooters who might pose a safety hazard to the investigating officers and to civilians.
>
> The second question is whether Appellant might have elected to go to trial had he known that Officer Sullivan could be impeached on the basis of the inconsistent testimony he gave at the two hearings. While Officer Sullivan was the only police officer to testify at the suppression hearing, he was not the only police officer to witness the events at Appellant's residence. He was not even the first officer on the scene.  Had Appellant elected to go to jury trial, the prosecutor indicated that the Commonwealth would have called Police Sergeant Micknowski as well as Police Officers Evans, Gowder, Laporte, Elardo, Wayneright, Viscoumy, Handerhaun and Rickets. The prosecutor stated that all ten of these officers

---

[10] Id. at p.4.

(including officer Sullivan) would have testified to the effect that shots were fired in their direction from Appellant's residence and that various firearms were recovered from the residence.

The prosecutor also indicated that if the matter went before a jury, the Commonwealth would adduce police testimony to demonstrate that upon execution of the search warrant, the investigating officers found [4 weapons, empty shotgun shell, spent casings and live ammunition]...

It is clear from the record that in exchange for Appellant's plea of guilty, the Commonwealth agreed to *nol pros* seven counts of aggravated assault on a police officer... If Appellant had been convicted by a jury on all seven counts of aggravated assault on a police officer while in the performance of his duty, Appellant could have faced seven consecutive terms of ten to twenty years of imprisonment.[11]

Thus, the plea agreement and agreed upon three to six year sentence was a gift which, in light of the evidence in this case, counsel might have been deemed ineffective for failing to urge the petitioner to accept.

There is nothing in the record to suggest that petitioner's plea was not knowingly and voluntarily entered with the effective assistance of counsel. For this reason, the determinations of the courts of Commonwealth are not inconsistent with the case law as set forth by the Supreme Court and the petition here fails to provide a basis for relief.

Accordingly, it is respectfully recommended that the petition of Eric Donald Reed for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal constitutional issue.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely

---

[11] Id. at pp.5-8.

objections may constitute a waiver of any appellate rights.

                                                             Respectfully submitted,

                                                             s/Robert C. Mitchell,
Entered: June 13, 2007                        United States Magistrate Judge